STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-99-48
DHM-KEN - 1/12/2000

KEVIN TARDIFF,

Petitioner

v.                                                    ORDER

DEPARTMENT OF HUMAN
SERVICES,

Respondent

This matter is before the court on the petition of petitioner for review of final agency action citing M.R. Civ. P. 80C and pursuant to 5 M.R.S.A. §§ 11001 & 11002(3). As a result of a divorce in the District Court, petitioner was ordered to pay child support. The petitioner petitioned the District Court to amend the child support order based upon his incarceration at the Maine State Prison. The petitioner's motion to amend was granted retroactive to December 23, 1997. As a result, the only period during which the petitioner was required to pay child support was between November 1, 1996 and December 22, 1997. The respondent initiated an action to submit the petitioner's debt to a federal income tax offset and a hearing on that matter was held. The decision of the hearing examiner was to affirm the respondent's right to submit the petitioner to the offset. The petitioner did not dispute that right but took exception to certain findings of fact, most particularly, the amount due subject to the federal income tax offset.

As a result of Mr. Tardiff's concerns, the hearing officer issued a corrected decision which, among other things, affirmed the Department's intention to offset

the petitioner's federal tax refund. The petitioner, therefore, took a timely appeal pursuant to M.R. Civ. P. 80C. This court's manner and scope of review is determined by 5 M.R.S.A. § 11007. The court may reverse or modify the decision if the agency's final decision is in violation of constitutional statutory provisions, in excess of the statutory authority of the agency, made upon unlawful process, affected by bias or error of law, unsupported by substantial evidence on the whole record, or arbitrary or capricious and characterized by abuse of discretion. The burden rests on the petitioner to satisfy the court of sufficient basis to reverse or modify the decision.

There does not appear to be any dispute that petitioner could be submitted to the federal government for federal income tax interception. The issue is amount. Between the time of filing of the petition for review of the final agency action and the time of oral argument on this matter, petitioner and respondent agreed that the proper calculation of Mr. Tardiff's indebtedness results in Mr. Tardiff owing a total of $1,710 in unpaid child support. This amount accrued between November 1996 and December 1997 based upon $28.50 per week toward the support of the child.

The parties agree that the Department of Human Services issued a Notice of Debt against Mr. Tardiff in January of 1997. The petitioner signed for the Notice of Debt, which alleged a debt amounting to $313.50 on January 17, 1997. That amount is part of the total indebtedness agreed to by the parties and cannot be counted as an additional indebtedness. The amount of the alleged debt is greater than the $150 minimum that the federal government requires for tax interception. The indebtedness has been delinquent for three months or longer. The respondent's

records do not reflect that the petitioner has made any child support payments nor does Mr. Tardiff allege that he has made any payments not properly credited toward his minor child.

This subject of paternity was not within the jurisdiction of the hearing officer of the Department of Human Services under the circumstances and has never been considered in the proper forum. Such a question must first be considered by the court ordering the original divorce judgment.

Therefore, by agreement of the parties, the entry will be:

Petitioner's review of final agency action is GRANTED; the decision of the Department of Human Services of April 30, 1999, as corrected by the decision of June 28, 1999, is amended; the stated debt amount is $1,710; this court has no jurisdiction to consider the matter of paternity in this proceeding.

Dated: January 12, 2000

Donald H. Marden
Justice, Superior Court

3

Date Filed __6/14/99__ __Kennebec__ Docket No. __AP99-48__
County

Action __80C__

DONALD GARBRECHT
LAW LIBRARY

FEB 17 2000

Kevin Tardiff                              vs.   Me Det of Human Services

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Kevin Tardiff<br>Me Correctional Institution<br>Box A<br>Thomaston  Me  04861 | Raymond E Ritchie AAG   (7/20/99)<br>6 State House Sta<br>Augusta  Me  04333 |

| Date of Entry | |
|---|---|
| 6/14/99 | Review of final agency action filed.   s/Tardiff,Pro Se<br>Application to proceed without payment of fees filed.   s/Tardiff,Pro Se |
| 6/15/99 | APPLICATION TO PROCEED WITHOUT PAYMENT OF FEES, Marden, J.<br>Filing Fee is waived and service costs to be paid as an expense of administration.<br>Copy mailed to Kevin Tardiff. |
| 6/18/99 | Documents of divorce matters filed.   s/Tardiff,Pro SE |
| 6/21/99 | Letter regarding the petition for review filed.   s/Tardiff,Pro Se |
| 6/29/99 | Letter from Kevin Tardiff regarding service on his petition. |
| 6/29/99 | Letter sent to Kevin Tardiff along with postage paid envelopes for him to make service. |
| 7/6/99 | Copies of blank acknowledgements of service filed.   s/Tardiff.<br>Letter sent to Kevin Tardiff and returned acknowledgments of service. |
| 7/12/99 | Letter regarding the return of service filed.   s/Tardiff, Pro Se |
| 7/13/99 | Acknowledgement of service on Raymond Ritchie,AAG on 7/7/99 filed. |
| 7/20/99 | Letter entering appearance filed.   s/Ritchie,AAG |
| 7/20/99 | Letter regarding the return of service on James Bivins Esq. filed.<br>s/Tardiff,Pro Se |
| 7/22/99 | Copies regarding child support owed filed.   s/Tardiff,Pro Se |
| 7/29/99 | Letter from Kevin Tardiff regarding status of case, filed. s/Tardiff, Pro Se |
| 8/6/99 | Copy of Letter from Keven Tardiff to Raymond Ritchie, AAG., filed. |
| 8/11/99 | Certified Record, filed. s/Ritchie, AAG. |
| ----- | Notice of briefing schedule mailed to Pltf. and atty of record. |
| 8/30/99 | Brief filed.   s/Tardiff,Pro Se |
| 9/24/99 | Respondent's Brief, filed. s/Ritchie, AAG. |
| 9/28/99 | Letter from Kevin Tardiff regarding this case and AP99-16, filed.<br>s/Tardiff, Pro Se |